CLD-192                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1139
_____

EDWIN KOTATEE MERRITT,
                                                    Appellant

v.

UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-03293)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 26, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, Circuit Judges

(Opinion filed: June 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Edwin Merritt appeals from an order of the United States District Court for the

Eastern District of Pennsylvania, which dismissed his mandamus petition for lack of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

jurisdiction.  Because no substantial question is presented by this appeal, we will grant

the Government's motion to summarily affirm the District Court's judgment.  See Third

Circuit LAR 27.4.

Merritt, a citizen of Liberia, was placed in removal proceedings in 2015 based on a

criminal conviction.  Rather than pursue any relief, Merritt, through counsel, executed a

motion for a Stipulated Removal Order ("SRO"), which included a waiver of a hearing

and appeal.  See 8 C.F.R. § 1003.25(b).  The Immigration Judge granted that motion on

September 16, 2015.  Over a year and a half later, Merritt appealed to the Board of

Immigration Appeals ("BIA").  The BIA dismissed his appeal as untimely on July 21,

2017.

In August 2017, Merritt filed the petition for a writ of mandamus at issue here,

pursuant to 28 U.S.C. § 1361.  Merritt claimed that United States Immigration and

Customs Enforcement ("ICE") had a clear duty to return him to the United States because

it had failed to respect an automatic stay of removal that was supposed to be in place

while his appeal was pending with the BIA, pursuant to 8 C.F.R. § 1003.6(a).[1]  The

Government argued that the District Court lacked jurisdiction to consider the mandamus

petition, and the District Court agreed.  Merritt timely appealed.

---

[1] Notably, that regulation states that "the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal *unless a waiver of the right to appeal is filed*, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification."  8 C.F.R. § 1003.6(a) (emphasis added).

We have jurisdiction to review the District Court's final order, and we may affirm for any reason supported by the record. See 28 U.S.C. § 1291; Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011). We agree with the District Court that the sole means of challenging a removal order is through a petition for review, filed with the appropriate Court of Appeals. See 8 U.S.C. § 1252(a)(5). Thus, to the extent Merritt was seeking to challenge his removal order, the District Court lacked jurisdiction to consider his petition.

Moreover, to the extent Merritt argued that ICE violated the automatic stay, that claim "aris[es] from the decision or action by the Attorney General to . . . execute removal orders." 8 U.S.C. § 1252(g). Section 1252(g) explicitly provides that "notwithstanding . . . [28 U.S.C.] section[] 1361," "no court shall have jurisdiction to hear" a claim "arising from" a decision to execute a removal order. So the District Court lacked jurisdiction for that reason, too. Cf. Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (pursuant to § 1252(g), district court lacked jurisdiction to consider alien's Federal Tort Claims Act claim that Government violated 8 C.F.R. § 1003.6(a)'s automatic stay by removing him while appeal to BIA was pending).

For the foregoing reasons, we will affirm the District Court's judgment.[2]

---

[2] To the extent that Merritt's response requests time to file a brief, that request is denied.